**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JHONI AGUILAR ARRIETA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   16-71290<br><br>Agency No. A200-243-474<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Jhoni Aguilar Arrieta, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Aguilar Arrieta fears harm in Mexico as a member of the proposed social group of "individuals who would be returning from the United States who fear being targeted by dangerous gang members, vandals, drug dealers, and drug cartels." The BIA did not err in finding that Aguilar Arrieta failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group). Thus, Aguilar Arrieta's withholding of removal claim fails.

We lack jurisdiction to consider Aguilar Arrieta's contentions regarding his asylum or CAT claims because he did not exhaust these claims before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We reject Aguilar Arrieta's contention that the BIA violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**